**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JACOB HALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VANESSA FANG, | ) | Case No. CIV-26-2974-D |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's *pro se* Complaint. [Doc. No. 1]. District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). This power includes the ability to "dismiss a frivolous or malicious action ... even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (quotation and citation omitted).

Federal Rule of Civil Procedure 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The pleading standard Rule 8 announces "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Pro se* litigants are not excused from Rule 8's requirements. *See Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). Although a pro se complaint must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Upon review of Plaintiff's Complaint, the Court finds that Plaintiff states no basis for federal jurisdiction, makes no discernible factual allegations against Defendant, and does not assert a cause of action. Indeed, Plaintiff only alleges that Defendant "repeatedly participated in illegal activities," and requests the Court to investigate Defendant's transactions. [Doc. No. 1]. Plaintiff's Complaint is subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 28th day of October 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE